UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
INGRID ESTRADA and RUTH WRIGHT, on behalf of :
themselves and all others similarly situated,          :   Case No.:  19 Civ. 2410
                                                       :
                                    Plaintiffs,        :   **CLASS AND COLLECTIVE**
            - against -                                :   **ACTION COMPLAINT**
                                                       :
801 CONKLIN ST. LTD. d/b/a CRYSTAL CAFE,              :
MITCHELL PUTTERMAN and KRISTINE                       :
PUTTERMAN,                                            :
                                                       :
                                    Defendants.        :
------------------------------------------------------------------- X

Plaintiffs Ingrid Estrada and Ruth Wright, on behalf of themselves and all others similarly

situated, by and through their attorneys Shulman Kessler LLP, complaining of the Defendants 801

Conklin St. Ltd. d/b/a Crystal Cafe ( "Crystal Cafe"), Mitchell Putterman and Kristine Putterman

(together with Crystal Cafe, "Defendants") allege as follows:

## PRELIMINARY STATEMENT

1.       This lawsuit seeks to recover unpaid minimum wage, overtime, unlawful

deductions and misappropriated tips for Plaintiffs and their similarly situated co-workers who

worked for Defendants in the State of New York as Dancers, based upon Defendants' violation of

the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and New York Labor Law

("NYLL" or "N.Y. Lab. Law") and appropriate rules and regulations.

2.       Despite the fact that Defendants exerted control over its Dancers, Defendants

misclassified its Dancers as independent contractors in order to avoid paying minimum wages and

overtime premium pay.

3.       While employed by Defendants, Plaintiffs did not receive the minimum wage for

every hour they worked in violation of the FLSA and the NYLL.

4.      While employed by Defendants, Plaintiffs consistently worked over 40 hours per week without receiving premium overtime pay for all the hours they worked. Throughout the relevant period, it was Defendants' policy to deprive Plaintiffs of all of their earned overtime wages in violation of the FLSA and NYLL.

5.      Defendants also unlawfully deducted from Plaintiffs' wages and unlawfully withheld the full-value of Plaintiffs' tips.

6.      Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Dancers pursuant to the FLSA.

7.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former Dancers who worked in New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the NYLL, Article 19, §§ 650 *et seq.*, and Article 6, §§ 195 and 198, and the supporting New York State Department of Labor regulations.

## JURISDICTION & VENUE

8.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

10.      Defendant Crystal Cafe is authorized to do business in New York State and does business in Nassau County.

11.      Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### *Plaintiff Ingrid Estrada*

12.     Ingrid Estrada is a resident of Queens County, State of New York.

13.     At all times relevant to this Complaint, Estrada was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

14.     At all times relevant, Estrada was employed by Defendants as a Dancer.

15.     Estrada expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

### *Plaintiff Ruth Wright*

16.     Ruth Wright is a resident of Nassau County, State of New York.

17.     At all times relevant to this Complaint, Wright was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

18.     At all times relevant, Wright was employed by Defendants as a Dancer.

19.     Wright expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

### *Defendant 801 Conklin St. Ltd.*

20.     Upon information and belief, Defendant 801 Conklin St. Ltd. was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

21.     801 Conklin St. Ltd. was and still is doing business as Crystal Cafe.

22.     Crystal Cafe maintains its principal place of business at 801 Conklin Street, Farmingdale, NY 11735.

23.     Upon information and belief, Crystal Cafe maintains control, oversight, and direction over its operations and employment practices.

24.     At all times hereinafter mentioned, Crystal Cafe was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

25.     Defendant Crystal Cafe employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

26.     Defendant Crystal Cafe annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

27.     At all times hereinafter mentioned, the activities of Crystal Cafe constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

28.     At all relevant times, Crystal Cafe maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

29.     Crystal Cafe applied the same employment policies, practices, and procedures to all Dancers, including policies, practices, and procedures with respect to the failure to pay overtime wages and the failure to provide a minimum wage.

***Defendant Mitchell Putterman***

30.     Upon information and belief, and at all times hereinafter mentioned, Defendant Mitchell Putterman owns and/or operates Crystal Cafe.

31.     The New York State Department of State lists Defendant Mitchell Putterman as the CEO of Crystal Cafe.

32.     The New York State Liquor Authority lists Defendant Mitchell Putterman as the

Principal of Crystal Cafe.

33.     Upon information and belief, and at all times hereinafter mentioned, Defendant Mitchell Putterman is an agent of Crystal Cafe.

34.     Upon information and belief, and at all times hereinafter mentioned, Mitchell Putterman is a manger and supervisor of Crystal Cafe.

35.     Upon information and belief, and at all times hereinafter mentioned, Defendant Mitchell Putterman has the authority over personnel decisions for Crystal Cafe.

36.     Upon information and belief, and at all times hereinafter mentioned, Defendant Mitchell Putterman has the authority over payroll decisions for Crystal Cafe.

37.     Upon information and belief, and at all times hereinafter mentioned, Defendant Mitchell Putterman supervises employees of Crystal Cafe.

38.     Upon information and belief, and at all times hereinafter mentioned, Defendant Mitchell Putterman has the authority to hire and fire employees for Crystal Cafe.

39.     Defendant Mitchell Putterman has the power to make binding decisions for Crystal Cafe.

40.     Defendant Mitchell Putterman has the power to transfer the assets or liabilities of Crystal Cafe.

41.     Defendant Mitchell Putterman has the power to declare bankruptcy on behalf of Crystal Cafe.

42.     Defendant Mitchell Putterman has the power to enter into contracts on behalf of Crystal Cafe.

43.     At all times hereinafter mentioned, Defendant Mitchell Putterman was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab.

Law § 190(3).

***Defendant Kristine Putterman***

44.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kristine Putterman owns and/or operates Crystal Cafe.

45.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kristine Putterman is an agent of Crystal Cafe.

46.     Upon information and belief, and at all times hereinafter mentioned, Kristine Putterman is a manger and supervisor of Crystal Cafe.

47.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kristine Putterman has the authority over personnel decisions for Crystal Cafe.

48.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kristine Putterman has the authority over payroll decisions for Crystal Cafe.

49.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kristine Putterman supervises employees of Crystal Cafe.

50.     Specifically, Defendant Kristine Putterman monitored employees' activities on video, disciplined and terminated employees.

51.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kristine Putterman has the authority to hire and fire employees for Crystal Cafe.

52.     Defendant Kristine Putterman has the power to make binding decisions for Crystal Cafe.

53.     Defendant Kristine Putterman has the power to transfer the assets or liabilities of Crystal Cafe

54.     Defendant Kristine Putterman has the power to declare bankruptcy on behalf of

Crystal Cafe.

55.     Defendant Kristine Putterman has the power to enter into contracts on behalf of Crystal Cafe.

56.     At all times hereinafter mentioned, Defendant Kristine Putterman was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

57.     Plaintiffs bring the First and Second Causes of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as a Dancer within the last three years and who elect to opt-in to this action.

58.     Upon information and belief, there are approximately more than 40 current and former Dancers that are similarly situated to the FLSA Class Representatives who were denied minimum wages and overtime compensation by Defendants.

59.     The FLSA Class Representatives represent other Dancers, and are acting on behalf of Defendants' current and former Dancers interests as well as their own interests in bringing this action.

60.     Defendants unlawfully required the FLSA Class Representatives and all individuals employed as Dancers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate.

61.     Defendants unlawfully failed to pay the FLSA Class Representatives and all individuals employed as Dancers the minimum wage for all hours worked.

62.     The FLSA Class Representatives seek to proceed as a collective action with regard to the First and Second Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All Dancers who are working or worked for Defendants during the three years prior to the filing of their respective consent forms ("FLSA Collective").

63.     Defendants were aware or should have been aware that the law required it to pay employees, including the FLSA Class Representative and the FLSA Collective, the minimum wage for all work-hours Defendants suffered or permitted them to work.  Upon information and belief, Defendants applied the same unlawful policies and practices to its Dancers throughout the State of New York.

64.     Defendants were aware or should have been aware that the law required it to pay employees, including the FLSA Class Representative and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendants applied the same unlawful policies and practices to its Dancers throughout the State of New York.

65.     The FLSA Collective is readily identifiable and locatable through the use of the Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## NEW YORK CLASS ACTION ALLEGATIONS

66.     Plaintiffs bring the Third, Fourth, Fifth, Six, Seventh and Eighth Causes of Action on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Dancers who are working or worked for Defendants during the six years prior to the filing of the Complaint (the "New York Class").

67.     The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

68.     Upon information and belief, the size of the New York Class is at least 40 individuals.

69.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually, including without limitation:

> a.  Whether Defendants failed to pay proper compensation for all work-hours and violated N.Y. Lab. Law, Articles 6 and 19, and the supporting New York State Department of Labor regulations;
>
> b.  whether Defendants failed to keep accurate time records for all hours worked by the New York Class Representative and the New York Class;
>
> c.  what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;
>
> d.  whether Defendants unlawfully deducted from the wages of the New York Class Representative and Class Members in violation of N.Y. Lab. Law § 193;
>
> e.  whether Defendants unlawfully withheld the full-value of the earned gratuities in violation of N.Y. Lab. Law § 196-d;
>
> f.  whether Defendants failed to furnish the New York Class Representative and New York Class with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

g. whether Defendants failed to furnish the New York Class Representative and New York Class with the hiring notice required by N.Y. Lab. Law § 195;

h. the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representative and the New York Class; and

i. whether Defendants acted willfully or with reckless disregarding in its failure to pay the New York Class Representative and the New York Class.

70. The New York Class Representatives fairly and adequately protects the interests of the New York Class and have no interests antagonistic to the class. The New York Class Representatives are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

71. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the Defendants. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

72. Further, the New York Class Representatives and the New York Class have been equally affected by Defendants' failure to pay proper wages, remit all earned gratuities and provide wage notices and wage statements  Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

73. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

74. The New York Class Representatives' claims are typical of those of the New York Class. The New York Class Representatives and the other New York Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. The New York Class Representatives' job duties are typical of those of the class members.

75. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COMMON FACTUAL ALLEGATIONS

76. Plaintiffs and the members of the FLSA Collective and New York Class (collectively "Class Members") have been victims of Defendants' common policy and plan that has violated their rights under the FLSA and the NYLL by failing to pay Dancers the minimum wage for all hours worked and by requiring Dancers to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

77.     Defendants' common policy and plan was to misclassify their Dancers as independent contractors instead of employees.

78.     Defendants had the power to hire and fire Plaintiffs and Class Members.

79.     Defendants supervised and controlled Plaintiffs' and Class Members' schedules and conditions of work.

80.     Defendants implemented rules that governed Plaintiffs' and Class Members' working conditions.

81.     All of the work performed by Class Members was assigned by Defendants and/or Defendants were aware of all the unpaid hours and overtime work that Plaintiff and Class Members performed.

82.     Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 40 hours per week.

83.     Defendants failed to pay Plaintiff and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA and NYLL.

84.     Defendants failed to pay Plaintiff and Class Members at the applicable minimum wage for every hour worked in violation of the FLSA and NYLL.

85.     Defendants deducted from the earned wages of Plaintiff and Class Members and failed to remit to them the full-value of their earned gratuities.

86.     Defendants failed to furnish Plaintiff and Class Members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL.

87.     Defendants failed to furnish Plaintiff and Class Members with the hiring notice required by NYLL.

88.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and NYLL. Defendants' policy and pattern or practice includes but is not limited to:

    a.   Willfully misclassifying its employees, including Plaintiff and Class Members as independent contractors;

    b.   Willfully failing to record all of the time that its employees, including Plaintiff and Class Members, worked for the benefit of Defendants;

    c.   Willfully failing to keep payroll records as required by the FLSA and NYLL;

    d.   Willfully failing to pay its employees, including Plaintiff and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek;

    e.   Willfully failing to pay its employees, including Plaintiff and Class Members, the minimum wage for all of the hours that they worked each workweek;

    f.   Willfully deducting from the wages of its employees, including Plaintiff and Class Members, and failing to pay its employees, including Plaintiff and Class Members, the full-value of their earned gratuities.

89.    Defendants was or should have been aware that the FLSA and NYLL required them to pay its Dancers premium overtime pay for all hours worked in excess of 40 per week, to pay its Dancers at the minimum wage for all hours worked free of any unlawful kick-backs to Defendants and remit the full-value of earned tips to its Dancers.

90.    Defendants' failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

91.    Defendants' failure to pay Plaintiffs and Class Members the minimum wage for all hours they worked was willful, intentional, and in bad faith.

92.    Defendants' failure to pay Plaintiffs and Class Members the full-value of their earned gratuities was willful, intentional, and in bad faith.

93.    Defendants' unlawful conduct was widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Plaintiff Ingrid Estrada*

94.    Estrada was employed by Defendants from in or about 2011 through September 2018 as a Dancer.

95.    Estrada was an employee of Defendants, working under their direct supervision.

96.    Estrada reported to Defendants' place of business each day and she was assigned to work.

97.    From about 2013 to about 2014, Estrada worked around 54 to 60 hours per week. From about 2014 to about September 2018, for two weeks each month, Estrada worked around 32 to 39 hours per week, and for the other two weeks. Estrada worked around 45 hours a week.

98.    At all times, Estrada was required to be paid overtime pay at the statutory rate of one and one-half his regular rate of pay after she worked 40 hours in a workweek for Defendants.

99.    Defendants, however, failed to compensate Estrada for all of the time worked in excess of 40 hours per week at a rate of at least one and one-half times her regular hourly rate.

100.    At all times, Estrada was required to be paid the minimum wage for all hours she worked for Defendants.

101.    Defendants, however, failed to compensate Estrada for all hours she worked at the applicable minimum wage rate.

102.    Defendants unlawfully deducted from Estrada's wages.  Defendants also withheld the full-value of Estrada's earned tips.

103.    For example, Estrada received tokens as payment for dances.  She also received tokens from customer as tips.  Customers paid Defendants $30 for each token.

104.    At the end each shift, Estrada exchanged all the tokens she earned for cash. Defendants kept the first token Estrada earned that shift as her "house fee."  Defendants also kept one of every five tokens Estrada earned as an additional fee.

105.    Although customers paid  $30 per token, Estrada only received $20 per token she exchanged.  Defendants unlawfully kept $10 of every token she exchanged.

106.    Defendants also required Estrada to pay the bartender and bouncer every shift and the DJ every weekend shift from her earned wages.

107.    Each workweek, Defendants failed to furnish Estrada with an accurate statement of wages listing Defendants' address and phone number, the hours he worked, and the rate or rates of pay and basis thereof.

108.    Defendants failed to provide Estrada with an accurate wage notice at the time of hiring.

109.    Upon information and belief, Defendant did not keep accurate records of hours Estrada worked.

***Plaintiff Ruth Wright***

110.    Wright was employed by Defendants from in or about 2011 through August 2018 as a Dancer.

111.    Wright was an employee of Defendants, working under their direct supervision.

112.    Wright reported to Defendants' place of business each day and she was assigned to work.

113.    From about 2013 to about 2016, for two weeks each month, Wright worked around 37 hours per week, and for the other two weeks each month she worked around 44 hours per week. From about 2016 to about August 2018, Wright worked around 52 hours per week.

114.   At all times, Wright was required to be paid overtime pay at the statutory rate of one and one-half his regular rate of pay after she worked 40 hours in a workweek for Defendants.

115.   Defendants, however, failed to compensate Wright for all of the time worked in excess of 40 hours per week at a rate of at least one and one-half times her regular hourly rate.

116.   At all times, Wright was required to be paid the minimum wage for all hours she worked for Defendants.

117.   Defendants, however, failed to compensate Wright for all hours she worked at the applicable minimum wage rate.

118.   Defendants unlawfully deducted from Wright's wages.  Defendants also withheld the full-value of Wright's earned tips.

119.   For example, Wright received tokens as payment for dances.  She also received tokens from customer as tips.  Customers paid Defendants $30 for each token.

120.   At the end each shift, Wright exchanged all the tokens she earned for cash. Defendants kept the first token Wright earned that shift as her "house fee."  Defendants also kept one of every five tokens Wright earned as an additional fee.

121.   Although customers paid  $30 per token, Wright only received $20 per token she exchanged.  Defendants unlawfully kept $10 of every token she exchanged.

122.   Defendants also required Wright to pay the bartender and bouncer every shift and the DJ every weekend shift from her earned wages.

123.   Each workweek, Defendants failed to furnish Wright with an accurate statement of wages listing Crystal Cafe's address and phone number, the hours he worked, and the rate or rates of pay and basis thereof.

124.    Defendants failed to provide Wright with an accurate wage notice at the time of hiring.

125.    Upon information and belief, Defendants did not keep accurate records of hours Wright worked.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

126.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

127.    Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

128.    Defendants employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the FLSA Collective for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

129.    Plaintiffs expressed their consent to make these claims against Defendants by attaching a written consent form, pursuant to 29 U.S.C. § 216(b).

130.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

131.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

132.    Defendants were or should have been aware that the FLSA required it to pay its Dancers premium overtime pay for all hours worked in excess of 40 per week.

133.    Defendants' failure to pay Plaintiffs and the FLSA Collective overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

134.    Due to Defendants' violations of the FLSA, Plaintiffs and members of the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**FLSA – Failure to Pay Minimum Wage**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

136.    Although the applicable minimum wage is codified by 29 U.S.C. § 206(a)(1), Defendants willfully failed to pay Plaintiffs and the FLSA collective the minimum wage for all hours worked, in violation of FLSA, 29 U.S.C. § 206(a).

137.    Plaintiffs have expressed their consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

138.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

139.    Because Defendants' violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

140.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs incurred damages thereby and Defendants are indebted to them in the amount of the unpaid minimum wages, together with interest, liquidated damages, attorney's fees, and costs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

141.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

142.    At all times relevant, Plaintiffs and the New York Class were employees and Defendants were their employer within the meaning of the NYLL.

143.    Plaintiffs and the New York Class are covered by the NYLL.

144.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and Class Members.

145.    Defendants failed to pay Plaintiffs and the members of the New York Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

146.    Defendants failed to pay Plaintiffs and members of New York Class overtime at a wage rate of one and one-half times their regular rate of pay.

147.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs and the New York Class.

148.    Defendants' failure to pay overtime compensation to Plaintiffs and the New York Class was willful and intentional.

149.    Due to Defendants' violations of the NYLL, Plaintiffs and members of the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Pay the Minimum Wage**
**(Brought on behalf of Plaintiffs and members of the New York Class)**

150.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

151.     Defendants are an employer operating in Nassau County for purposes of 12 N.Y.C.R.R. § 142-2.1.

152.     As required by N.Y. Lab. Law § 652(1) and 12 N.Y.C.R.R. § 142-2, the minimum wage rate for employers in Nassau County was as follows:

   a.   $7.25 per hour on and after July 24, 2009;

   b.   $8.00 per hour on or after December 31, 2013;

   c.   $8.75 per hour on and after December 31, 2014;

   d.   $9.00 per hour on and after December 31, 2015;

   e.   $10.00 per hour on and after December 31, 2016; and

   f.   $11.00 per hour on and after December 31, 2017.

153.     Defendants willfully violated Plaintiffs and the New York Class' rights by failing to pay Plaintiff and the New York Class the minimum wage for all hours of work performed each week, in violation of N.Y. Lab. Law § 650, *et seq.*

154.     Due to Defendants' NYLL violations, Plaintiffs and the New York Class are entitled to recover from Defendants the value of Defendants' underpayment, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant to N.Y. Lab. Law § 663(1).

### FIFTH CAUSE OF ACTION
**NYLL – Unlawful Wage Deduction**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

155.     Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

156.     Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Law § 193 and 12 N.Y.C.R.R § 195-4.5 when Defendants deducted money from Plaintiffs and members of the New York Class' earned wages.

157.    Due to Defendants' violations of the NYLL, Plaintiffs and members of the New York Class are entitled to recover from Defendants their full wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**NYLL – Failure to Remit Gratuities**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

158.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

159.    Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Law § 196-d when Defendants failed to remit the full-value of Plaintiffs' and the New York Class's earned gratuities.

160.    A reasonable customer would believe that the gratuities would be paid to Plaintiffs and the New York Class in full.

161.    Due to Defendants' violations of the NYLL, Plaintiffs and members of the New York Class are entitled to recover from Defendants their withheld gratuities, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SEVENTH CAUSE OF ACTION
**NYLL – Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiffs and members of the New York Class)**

162.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

163.    Defendants failed to supply Plaintiffs and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

164.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs and members of the New York Class are each entitled to damages of $100 per work week, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

165.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs and members of the New York Class are each entitled to damages of $250 per work day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### EIGHTH CAUSE OF ACTION
**NYLL – Failure to Provide Wage Notices**
**(Brought on behalf of Plaintiffs and members of the New York Class)**

166.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

167.    Defendants failed to supply Plaintiffs and the members of the New York Class notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs and the members of the New York Class as their primary language, containing Plaintiffs' and the members of the New York Class's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

168.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiffs and members of the New York Class are each entitled to damages of $50 per work week, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

169.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiffs and members of the New York Class are entitled to damages of $50 per work day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek for the following relief:

A.    That, at the earliest possible time, the FLSA Class Representatives be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as Dancers, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime and unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23;

D.      Designation of Plaintiffs Ingrid Estrada and Ruth Wright as the Class Representatives, and counsel of record as Class Counsel;

E.      Unpaid overtime and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.      Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

L.      Such other injunctive and equitable relief as this Court shall deem just and proper;

M.      A reasonable incentive award for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Class and for the risks they took in doing so; and

N.     Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
       April 25, 2019

Respectfully submitted,

By: /s/ Saranicole A. Duaban

**SHULMAN KESSLER LLP**
Troy L. Kessler
Saranicole A. Duaban
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100

*Attorneys for Plaintiffs and the*
*Putative FLSA Collective and*
*New York Class*